57 CCPA

**SUNBEAM CORPORATION, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Patent Appeal No. 5360.**

United States Court of Customs
and Patent Appeals.

May 14, 1970.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellant, Joseph Schwartz, James S. O'Kelly, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, New York City, Susan C. Cassell, Dept. of Justice, Customs Section, New York City, for the United States.

Before WORLEY, Chief Judge, RICH, BALDWIN, LANE, Associate Judges, and MATTHEWS, Senior Judge, United States District Court for the District of Columbia, sitting by designation.

LANE, Judge.

The importer appeals from the decision and judgment of the Customs Court, 62 Cust.Ct. 434, C.D. 3794 (1969), overruling its protest against the classification of imported soleplate and switch assemblies for electric dry irons. We affirm the judgment of the Customs Court.

The merchandise consists of assemblies used in the manufacture of household electric irons, each assembly consisting of a soleplate, in which is cast an electrically resistive wire for heating the soleplate, and a thermostatically controlled electrical switch for regulating the temperature of the soleplate. Other elements, including a handle, a control cam and lever, a control rod and an end assembly are required to make up the complete, operative iron.

The parties agree that the assemblies are not properly classifiable as electric flatirons under paragraph 339 of the Tariff Act of 1930, as modified by T.D. 52739. That paragraph contains no provision for parts.

■ The issue before us is whether the assemblies should be classified as "Articles having as an essential feature an electrical element or device," under paragraph 353 of the Act, as modified by T.D. 52739, as contended by appellant, or as "Articles or wares not specially provided for * * * composed wholly or in chief value of iron, steel, brass, bronze, zinc or aluminum * *," under paragraph 397, as modified by T.D. 54108, as classified by the collector,

held by the Customs Court, and contended here by the Government.

As we understand the opinion of the Customs Court, it did not hold that the assemblies were not "articles," but rather were not articles of the kind contemplated by paragraph 353. In any event, the determination of the meaning of "articles" *per se* is not necessary to our decision in this case. Accordingly, we shall not discuss the cases cited by both parties on the question of whether the assemblies are articles.

■ The Customs Court's holding that the items at bar were not articles of the kind contemplated by paragraph 353 was predicated on the court's belief, with which we agree, that the assemblies are not *ejusdem generis* with the articles listed in that paragraph as exemplars. The list appears in the following portion of the paragraph:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal and not specially provided for * * *.

Appellant contends that the doctrine of *ejusdem generis* was incorrectly applied by the court below, and cites United States v. S. P. Skinner Co., 46 CCPA 105, C.A.D. 708 (1959), in support of the proposition that, because of the disparate nature of the articles listed, the rule of *ejusdem generis* should be given a "liberal interpretation" when applied to paragraph 353. We agree with this proposition. Nevertheless, the list may not be disregarded entirely, since it was obviously included in the statute as an indication of congressional intent. The Customs Court found that all the exemplars possessed the common characteristic of being complete, ready-to-use items, which could not be said of the items at bar. Appellant correctly points out that the list includes "electric motors," which

generally are not used alone but in conjunction with elements to be driven by the motors. We find, however, that a characteristic common to all the listed articles is that they are treated *in commerce* as separate entities. That cannot be said of the assemblies here, because the record shows that they were not generally sold by themselves except as replacement items for irons which had been in some way damaged. The assemblies are therefore not the kind of articles listed in paragraph 353. We conclude that the Customs Court's result in applying the terms of paragraph 353 to the items at bar was correct.

Appellant further contends that the legislative history of paragraph 353 shows a congressional intent to include in that provision articles of the type involved in this case. We disagree. The House and Senate report excerpts presented by appellant indicate only a congressional dissatisfaction with previous provisions relating to electric machines and an intent to group such machines with other, higher-duty items in section 353.

Finally, appellant contends that the collector's classification was inconsistent with a "change of practice" directive [1] issued by the Bureau of Customs. This document directed customs officials to classify parts of electrical household utensils under paragraph 397 "except those parts which are classifiable under paragraph 353 as articles having as an essential feature an electrical element or device * * *." This may show that the Bureau believed incomplete items could be classified under paragraph 353, but, as pointed out above, our decision is not grounded on a distinction between parts and complete items.

We find no error in the decision of the Customs Court, and its judgment is affirmed.

Affirmed.

---

1. T.D. 55353(1), 96 Treas.Dec. 119 (1961).