**Gordon L. PUCKETT, et al., Plaintiffs,**

v.

**UNITED AIR LINES, INC., et al., Defendants.**

**Kenneth C. KUECKER, et al., Plaintiffs,**

v.

**UNITED AIR LINES, INC., et al., Defendants.**

**Nos. 84 C 5013, 85 C 3755.**

United States District Court, N.D. Illinois, E.D.

Jan. 27, 1989.

## MEMORANDUM ORDER

PRENTICE H. MARSHALL, District Judge.

Sections 9201–04 of the Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–509, 100 Stat. 1874, 1973–80 (1986) ("OBRA") amended the ADEA and ERISA to unequivocally [1] require full pension credit for employment after normal retirement age. Plaintiffs and defendant both move for summary judgment on the following issues pertaining to these amendments: (1) whether the OBRA amendments require credit for employment after the normal retirement date but prior to the OBRA effective date with respect to United's Fixed Benefit Retirement Income Plan ("Fixed Plan"); and (2) whether the amendments became effective on January 1, 1988 pursuant to the "general" rule in OBRA § 9204(a)(1), or on January 1, 1989 (Fixed Plan) and December 1, 1988 (Directed Account Plan) pursuant to the "special rule for collectively bargained plans" in OBRA § 9204(a)(2)(B). For the following reasons, we grant summary judgment in favor of plaintiffs on the first issue and in favor of defendant on the second.

### A. Treatment of Pre–OBRA service under the Fixed Plan

OBRA section 9201 added the following prohibition to the ADEA:

> [I]t shall be unlawful for an employer ... to establish or maintain an employee pension benefit plan which requires or permits ... in the case of a defined benefit plan, the cessation of an employee's benefit accrual, or the reduction of the rate of an employee's benefit accrual, because of age....

Section 9202(a)(2) adds an analogous prohibition to ERISA.

The effective dates and applicability of these amendments are set forth in section 9204:

> The amendments made by sections 9201 and 9202 shall apply only with respect to plan years beginning on or after January 1, 1988, and only to employees who have 1 hour of service in any plan year to which such amendments apply.

With regard to employment prior to the effective date, the IRS has announced that its final regulations will adopt the position taken in its previously issued proposed regulation: "for a participant who has at least 1 hour of service for the plan sponsor in a plan year beginning in 1988 or thereafter, a defined benefit plan may not disregard any years of service, *including years of service before 1988*, because of age in determining the participant's plan benefit." I.R.S. Notice 88–126, 1988–52 I.R.B. 6 (emphasis added); *see* Prop.Treas.Reg. 1.411(b)–2(f)(1)(ii), 53 Fed.Reg. 11884 (April 11, 1988). Under this interpretation, United may not exclude employment after age sixty in applying the fixed plan's benefit formula to those employees employed after the effective date of OBRA.

 United asks us to reject the IRS position. It argues that the IRS interpretation makes the OBRA amendments retroactive and therefore "adds" to the statute rather interprets it. We disagree. While different interpretations may be tenable, we believe the language of section 9204 supports the analysis adopted by the IRS: When an employee retires in a plan year beginning on or after January 1, 1988, the OBRA amendments shall govern the terms of his pension benefits. The amendments prohibit, with regard to that employee, a benefit plan that reduces the rate of accrual based on age considerations. Therefore, the benefit calculation must, in order to comply with the now applicable law, include all years of service when calculating the benefit amount.

United contends that this reading violates the "severe restrictions courts place on imposing laws retroactively." We agree that statutes are presumed to operate prospectively only, *see e.g., United States v.*

---

[1]. Congress noted in the conference report that requirements in this regard under prior law were unsettled and stated that no inference is to be drawn from the amendments regarding the proper interpretation of prior law. *See* H.R. Conf.Rep. No. 1012, 99th Cong., 2d Sess. 5 (1986), *reprinted in* 1986 U.S.Code, Cong. & Adm.News 3607, 3868, 4027.

*Kairys,* 782 F.2d 1374, 1381 (7th Cir.1986), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986), but we are not persuaded that the IRS interpretation amounts to retroactive application of the OBRA amendments. An employee's benefit amount is calculated with the formula existing at the time of the employee's retirement, not with a formula that existed at the beginning of or during the accrual period. *See, e.g.,* Fay 1/11/88 aff., ex. 1 at §§ 5 & 6, ex. 6, ex. 7, ex. 10. The IRS interpretation merely applies current law to the operative formula; it does not become a retroactive application of the law simply because that formula includes variables dependent on past events. It is illustrative to note that the IRS interpretation does *not* provide that employees who retired prior to 1988 and receive benefits calculated in a discriminatory manner must now receive adjustments.

United also contends that the pertinent legislative history supports its position. It points to a proposed version of § 9204 which stated:

> the amendments made by this subtitle shall apply only to employees who are employed after December 31, 1988. In the case of such employees, such amendments shall apply to accrual computation periods beginning after December 31, 1986....

S. 2706, 99th Cong., 2d Sess., 132 Cong. Rec. S13042 (daily ed. Sept. 19, 1986). The removal of the second sentence in the final version, United concludes, suggests that Congress intended to require nondiscriminatory credit only for employment after 1988.

We cannot attribute such significance to this history. Its inconclusive nature is illustrated by the fact that plaintiffs use this same deletion as evidence that Congress intended nondiscriminatory credit for all years of service if the employee retires after the amendments become effective. Both interpretations are tenable: it may be that Congress viewed the previous language as a *limit* on the amendments' applicability, in which case its removal supports plaintiffs' position, or they may have con-

sidered it an *expansion* of applicability, in which case its removal supports defendant's position. We decline to speculate whether the glass is half full or half empty, however, and instead conclude that this history is not persuasive evidence that the IRS interpretation is contrary to legislative intent.

In sum, we believe that the construction adopted by the IRS is a reasonable administrative interpretation of an ambiguous statutory provision and is therefore entitled to deference by the courts. *See Chevron, U.S.A., Inc. v. Natural Resources Defense,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). Accordingly, we conclude that employees who retire after the effective date of OBRA must receive credit for all years of service, including those prior to the effective date, in determining their benefit under the Fixed Plan.

**B. Application of the Collective Bargaining Exemption**

Under OBRA's general effective date provision, section 9204(a)(1), the effective date for United's plans would be January 1, 1988. However, section 9204(a)(2) provides a "special rule for collectively bargained plans," which, when applied to United's plans, would yield an effective date of January 1, 1989 for the Fixed Plan and December 1, 1988 for the Directed Account Plan. The parties dispute the applicability of the special rule in 9204(a)(2).

Section 9204(a)(2) applies to plans "maintained pursuant to 1 or more collective bargaining agreements ... ratified before March 1, 1986...." Plaintiffs contend that United's pension plans are neither "maintained pursuant" to collective bargaining agreements nor "ratified." We disagree.

The essential terms of the pension plans at issue here had their genesis in, and are changed pursuant to, collective bargaining between United and the Air Line Pilots Association ("ALPA"). *See* Fay 10/21/88 aff., ex. 64 at 169, 229, 276; Nankervis 9/26/88 aff., ex. 1, 4, 6, 8, 11, 14, 16–22; *see also United Independent Flight Officers, Inc. v. United Air Lines, Inc.,* 756

F.2d 1274, 1276–79 (7th Cir.1985). Plaintiffs arguments—that the entire plan is not set forth in the United–ALPA agreement and that United has amended the plans unilaterally in the past—assume requirements far beyond what the plain meaning of the phrase "maintained pursuant to" suggests. Where, as here, the existence and level of pension benefits is a product of and guaranteed by collective ˙bargaining agreements, we believe this prerequisite is met.

We are similarly unpersuaded by plaintiffs' attempt to characterize the collective bargaining agreements as unratified. Plaintiffs contend that United's collective bargaining agreements have not been ratified by membership ratification—an optional ratification procedure provided by the pilots' union's bylaws—and therefore do not fall within the terms of 9204(a)(2). The statute, however, requires only ratification, it does not specify *membership* ratification. We believe Congress inserted this language to distinguish finalized and effective plans from proposed plans. We agree with United that there is no reason to believe Congress intended anything more specific than some form of formal validation and approval, the plain meaning of "ratification." *See, e.g.,* Black's Law Dictionary 1135 (5th ed. 1979). Ratification by the union's executive council, as has been the customary procedure in the past, is therefore sufficient.

We conclude that the "special rule for collectively bargained plans" set forth in OBRA § 9204(a)(2) is applicable to United's pension plans.

### ORDER

Partial summary judgment is granted in favor of plaintiffs on the issue of whether the OBRA amendments require credit for employment after the normal retirement date but prior to the OBRA effective date with respect to the Fixed Plan. Partial summary judgment is granted in favor of defendant on the issue of whether the OBRA effective date is governed by the "special rule for collectively bargained plans" in section 9204(a)(2)(B).