Sydney J. **SNAIR**, et al., Plaintiffs,

v.

**CITY OF CLEARWATER,**
et al., Defendants.

No. 88–889–Civ–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

March 29, 1993.

Edward E. Fessenden, Jr., Law Office of Edward E. Fessenden, Jr., Tampa, FL, Kenneth M. Willner, Paul F. Mickey, Jr., David Goldberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC, Allen M. Blake, Blake, Casella & McMichael, Bradenton, FL, for plaintiffs, Sydney J. Snair, Joan Wright, John W. Wood and AARP.

Thomas M. Gonzalez, Mark A. Hanley, Thompson, Sizemore & Gonzalez, Deborah Susan Crumbley, Tampa, FL, for defendants City of Clearwater, Rita Garvey, Mayor, William Nunamaker, Lee Regulski, Donald Winner and Richard Fitzgerald, Com'rs.

## ORDER ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON DAMAGES AS TO CERTAIN PLAINTIFFS

KOVACHEVICH, District Judge.

This cause is before the Court on the Motion for Summary Judgment on Damages as to Certain Plaintiffs (Dkt. # 157) filed by the Defendants.

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir. 1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

The Supreme Court of the United States held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 323, 106 S.Ct. at 2552.

Rule 56(c) requires that the non-moving party go beyond the pleadings to designate specific facts showing there is a genuine issue for trial. Thus, affidavits, depositions, answers to interrogatories and admissions on file are all relevant in determining whether a motion for summary judgment should be granted. *Id.* at 324, 106 S.Ct. at 2553.

### Findings of Fact

Plaintiffs brought this action for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA). 29 U.S.C. § 621 et seq. This action also includes claims for age discrimination brought under the Florida Age Discrimination in Employment Act (FL–ADEA) and the Florida Human Rights Act of 1977 (FHRA). *See* Fla. Stat. § 112.044; Fla.Stat. § 760.10.

In 1945, the Florida Legislature created a mandatory pension plan for employees of the City of Clearwater. The pension plan excluded from participation "all persons employed by the City of Clearwater after January 1, 1945 who shall at the time of hire be over the age of forty-five (45) years." In 1973, the pension plan became a City Ordinance when the Legislature enacted the "Municipal Home Rule Powers Act." Fla. Stat. § 166.021.

In 1976 and 1977, the Clearwater City Commission approved several amendments to the plan. The amendment changed the exclusionary language in the pension plan from "over age forty-five (45)" to "age forty-five (45) or older or who has failed to pass a comprehensive medical examination." In addition, the amendments provided that employees' pension rights would vest after 10 years of service, as opposed to 20 years under the original plan. Other changes included: 1. increasing the average salary utilized to determine benefits from two percent (2%) to two and one-half percent (2.5%); 2. increasing employee contributions to the pension plan from three percent (3%) to six percent (6%) plus an optional two percent (2%) which could be required by the pension plan's trustees.

Prior to this litigation, several current and former employees of the City of Clearwater filed charges of discrimination with the Equal Employment Opportunity Commission. The EEOC ruled that the pension plan violated the ADEA. Similarly, in 1986, Plaintiff Snair filed an age discrimination charge against the City with the EEOC. The EEOC issued a Letter of Violation to the City stating that, once again, their plan violated the ADEA. On June 21, 1986, Plaintiff Snair initiated this litigation. Over 100 individuals subsequently joined the action by filing notices of consent with this Court. In 1988, the City removed the age 45 restriction and offered current employees an option to join the plan.

The Defendants now file this Motion for Summary Judgment in response to this Court's Order entered on March 17th, 1992, 787 F.Supp. 1401 (Dkt. # 148). Plaintiffs had argued that current employees hired prior to 1988 were denied equal protection and should be entitled to retroactive pension credit. In essence, Plaintiffs asserted that two classes of individuals were created as a result of the amendment. The first class of individuals constituted those employees hired prior to 1988 who were *ineligible to join the plan as of their date of hire* but are now eligible. The second class of individuals constituted those hired after 1988 who were *eligible to join as of their date of hire.*

The Order, finding that the City's classification by date of hire passed the rational basis test, denied retroactive pension benefits to *current employees* employed prior to the 1988 revision. This Court stated that City had made social security contributions on behalf of those workers not eligible to join the pension plan at the time of hire. Therefore, to allow the Plaintiffs to recover retroactive credit for pension benefits would allow these employees to "double dip" into the

public funds and would result in an unjust windfall to the employees and an unfair burden upon the City and its taxpayers.

Defendants now assert that the Court's previous Order as to current employees should also preclude Plaintiffs who have separated employment with the City from claiming damages. In doing so, Defendants set forth two classes of Plaintiffs that can no longer claim any damages: 1. those Plaintiffs with less than ten years of creditable service *after* 1978; 2. those Plaintiffs with less than ten years of creditable service as a whole. Defendants further contend that the Plaintiffs subject to this Motion are individuals who have *separated employment* with the Defendants.

## DISCUSSION

### I. PLAINTIFFS WITH LESS THAN TEN YEARS SERVICE AFTER 1978

■ Pension plans adopted prior to the enactment of the ADEA cannot be considered a subterfuge to evade the purposes of the Act and are exempted from challenges of age discrimination. *Public Employees Retirement Sys. of Ohio v. Betts,* 492 U.S. 158, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989). However, a subsequent modification may subject the plan to challenges under the Act. *Id.* This Court, in its Order entered on March 17th, 1992 (Dkt. # 148), found that the 1978 amendments were significant enough to bring the pension plan within the purview of the Act and denied summary judgment. Based on this reasoning, Defendants assert that, because the pension plan was not subject to scrutiny until 1978, Plaintiffs years of service prior to 1978 cannot be considered for vesting purposes.

In support of this contention, Defendants argue that *Rosen v. Public Service Electric & Gas Co.,* 477 F.2d 90 (3rd Cir.1973), a Title VII action, stands for the proposition that years of service cannot be calculated for purposes of vesting prior to the effective date of the amendment. In *Rosen,* the initial retirement plan was instituted in 1911 and the revised retirement plan became effective on May 1, 1967. Furthermore, Title VII became effective on July 2, 1965. *Rosen,* 477

F.2d at 96. Both plans were held to be discriminatory. *Id.* at 95. Thus, under *Rosen,* a plan instituted prior to the effective date of an Act can be held to be discriminatory. Therefore, the 1945 pension plan of the City of Clearwater can be seen as discriminatory even though the 1978 amendment ultimately triggered the operation of the Act. Furthermore, under the holding in *Betts,* a subsequent amendment merely brings an otherwise insulated pension plan under the Act. *Betts* does not state that a pension plan instituted prior to the ADEA is deemed legal and nondiscriminatory.

In determining appropriate relief in an ADEA action, the Act specifically states that "in any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter ..." 29 U.S.C. § 626. This "make whole standard of relief" has been enunciated in several ADEA cases. *See Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir.1977) (the make whole standard of relief should be the touchstone for the district courts in fashioning both legal or equitable remedies); *see also Gibson v. Mohawk Rubber Co.,* 695 F.2d 1093 (8th Cir.1982) (the goal is to restore the aggrieved persons to the position where they would have been if the illegal discrimination had not occurred).

In *Rosen,* the court choose a remedy sufficient to make the plaintiffs *in that particular case* whole. *Id.* at 96. (the court determined that an adequate remedy was to compensate the men for damages during the period from the effective date of the Act to the effective date of the revised Amendment). However, this Title VII remedy will not necessarily make the plaintiffs whole under an ADEA action. The Supreme Court has stated that, while there are important similarities between the ADEA and Title VII, the remedial and procedural provisions contain significant differences. *Lorillard v. Pons,* 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978). *See also McKnight v. General Motors Corp.,* 908 F.2d 104 (7th Cir.1990) (remedial schemes of ADEA and Title VII greatly differ, and ADEA is far more generous). Ultimately, it is for the jury to decide the appro-

priate remedy to make the Plaintiffs whole in the case at bar.

Clearly, the law in effect since 1974 prohibited public employers from discriminating based on age. *See* 29 U.S.C. § 630(b) (the ADEA was enacted in 1967 but became applicable to public employers in 1974). Furthermore, the law in effect on the date of each Plaintiff's separation from employment with the City required non-discrimination based on age. *See Puckett v. United Air Lines, Inc.*, 705 F.Supp. 422, 423 (N.D.Ill. 1989) (benefit calculations must, in order to comply with the now applicable law, include all years of service when calculating the benefit amount).

In conclusion, genuine issues of material fact exist which must preclude summary judgment as to Plaintiffs with the less than ten years of service after 1978. The goal of the ADEA is to make the plaintiffs whole. This Court's previous Order denied retroactive pension benefits to current employees employed prior to the 1988 revision because the Court did not want employees to double dip into the public funds. Defendants are now suggesting that employees who separated their employment with less than ten years of service after 1978 should be denied compensation for discrimination. However, these employees would have vested if years prior to 1978 were included in the vesting calculation. Clearly, whether or not these particular employees were in fact discriminated against is a fact question for the jury. Thus, summary judgment is inappropriate as to the federal ADEA claim.

Furthermore, Plaintiffs have brought actions under the Florida Age Discrimination in Employment Act (FL–ADEA) and the Florida Human Rights Act of 1977 (FHRA). Under the FL–ADEA, the statute states that the "purpose of this act is to promote employment of older persons based on ability rather than age and to prohibit arbitrary age discrimination in employment". Fla.Stat. § 112.044. Similar to the ADEA under federal law, the statute provides for such "legal and equitable relief as will effectuate the purposes of this act". *Id.*

In this Court's previous Order (Dkt. # 148), it was stated that the parties have not submitted, nor has this Court, found any Florida case law addressing whether *Betts* should apply to cases involving the FL–ADEA or the FHRA. This Court still need not determine whether *Betts* should apply. Clearly, if *Betts* applied summary judgment would be denied under the same basis as set forth above. Furthermore, if *Betts* did not apply summary judgment would be denied because the Plaintiff would not have to contend with whether or not the amendment triggered the vesting period. Therefore, under either analysis, summary judgment as to the FL–ADEA claim is inappropriate. The same analysis applies to the FHRA claim. In sum, summary judgment is inappropriate with regard to the federal ADEA, the FL–ADEA and the FHRA as to Plaintiffs with less than ten years of service after 1978.

## II. PLAINTIFFS WITH LESS THAN TEN YEARS OF SERVICE

■ Defendants argue that Plaintiffs with less than ten years of service can prove no damages. Under the pension plan, an employee who separated from employment prior to vesting would receive a refund of contributions with no interest. Therefore, damages as to Plaintiffs with less than 10 years would be inappropriate. On the other hand, Plaintiffs argue that "an employer need not be allowed to stand on [vesting] requirements that plaintiff cannot meet because of the employer's own wrongful acts." *Loeb v. Textron*, 600 F.2d 1003, 1021 (1st Cir.1979).

In *Loeb*, the plaintiff was wrongfully terminated in violation of the ADEA. However, in the case at bar, these Plaintiffs voluntarily separated from their employment with the City. Plaintiffs, nevertheless argue that *Loeb* should apply. However, allowing *Loeb* to apply would a create a standard entitling an employee to damages before the wrongful act occurred. Clearly, the wrongful act in this case is precluding certain employees, based on their age, from entitlement to pension benefits *once they have worked a sufficient number of years*. Therefore, before these employees have worked a sufficient number of years an award of damages is inappropriate.

Furthermore, when an employee voluntarily leaves his place of employment prior to the time that a bonus or a share of profits was to be distributed under a general plan, an employee cannot recover. *See Kassab v. Ragnar Benson, Inc.,* 254 F.Supp. 830, 833 (W.D. Penn.1966). Furthermore, in *Sheet Metal Workers Local 28 of New Jersey Welfare Fund v. Gallagher,* 13 Employee Benefits Cas. 1729, 1990 WL 304319 (D.N.J.1990), the court held that if an employee has not vested under a pension plan and he voluntarily leaves covered employment under the plan he has no entitlement to any benefit as a matter of law.

Plaintiffs contend that plaintiffs with less than ten years of service have stated that the "City's exclusion of them from the pension plan was an important factor *in their decision* to leave employment and that had they been allowed the pension plan from their date of hire, they *likely* would have stayed with the City until the required vesting under the plan." This evidence fails to designate that there are specific facts showing a genuine issue for trial. Speculative evidence is insufficient to enable the nonmoving party to avoid summary judgment. *Walters v. Pan American Life Ins. Co.,* 800 F.Supp. 436, 437 (S.D.Miss.1990). There must be sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id. See also Zenith Radio Corp. v. Matsushita Electrical Industrial Co., Ltd.,* 513 F.Supp. 1100 (E.D.Penn.1981). Therefore, summary judgment as to Plaintiffs with less than ten years is appropriate as to the federal ADEA, FL–ADEA and FHRA.

Finally, the Plaintiffs contend, as set forth in the Affidavit of John C. Brown, that Plaintiff Donald Parker is still employed with the City of Clearwater and therefore cannot be considered an employee with less than ten years of service whose employment has ended. Also, the affidavit states that Rosemary Hurd, was employed with the City over thirteen years, from October 1979 until her retirement in January of 1993. Clearly, summary judgment as to these Plaintiffs is inappropriate. Accordingly it is

**ORDERED** that the Motion for Summary Judgment as to Plaintiffs with less than ten years of service after 1978 be **DENIED.**

**ORDERED** that the Motion for Summary Judgment as to Plaintiffs with less than ten years of service be **GRANTED.**

**DONE and ORDERED.**