**Sydney J. SNAIR, et al., Plaintiffs,**

v.

**CITY OF CLEARWATER,
et al., Defendants.**

**No. 88–889–Civ–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

March 1, 1994.

Edward E. Fessenden, Jr., Law Office of Edward E. Fessenden, Jr., Tampa, FL, Kenneth M. Willner, Paul F. Mickey, Jr., David Goldberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC, Allen M. Blake, Allen M. Blake, P.A., St. Petersburg, FL, for plaintiffs.

Mark A. Hanley, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, Deborah Susan Crumbley, Tampa, FL, for defendants.

## *ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS RITA GARVEY, JAMES BURFIELD, WILLIAM NUNAMAKER, LEE REGULSKI, AND DONALD WINNER*

KOVACHEVICH, District Judge.

This cause is before the Court on the Motion for Summary Judgment as to Defendants Rita Garvey, James Burfield, William Nunamaker, Lee Regulski, and Donald Winner (Dkt. # 167) filed by Defendants.

### STANDARD OF REVIEW

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in a light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir. 1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

The Supreme Court of the United States held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Id.* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

Rule 56(c) requires that the non-moving party go beyond the pleadings to designate specific facts showing there is a genuine issue at trial. Thus, affidavits, depositions, answers to interrogatories and admissions on file are all relevant in determining whether a motion for summary judgment should be granted. *Id.* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### FACTS

Plaintiffs brought this action for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et. seq. This action also includes claims for age discrimination brought under the Florida Age Discrimination in Employment Act (FL–ADEA) and the Florida Human Rights Act of 1977 (FHRA). See Fla. Stat. § 112.044; Fla.Stat. § 760.10.

In 1945, the Florida Legislature created a mandatory pension plan for employees of the City of Clearwater. The pension plan excluded from participation "all persons employed by the City of Clearwater after January 1, 1945 who shall at the time of hire be over the age of forty-five (45) years." In 1973, the pension plan became a City Ordinance when the Legislature enacted the "Municipal Home Rule Powers Act." Fla. Stat. § 166.021.

In 1976 and 1977, the Clearwater City Commission approved several amendments to the plan. The amendment changed the exclusionary language in the pension plan from "over age forty-five (45)" to "age forty-five (45) or older or who has failed to pass a comprehensive medical examination." In addition, the amendments provided that employees' pension rights would vest after 10 years of service, as opposed to 20 years, under the original plan. Other changes included: 1.) increasing the average salary utilized to determine benefits from two percent (2%) to two and one-half percent (2.5%); 2.) increasing employee contributions to the pension plan from three percent (3%) to six percent (6%) plus an optional two percent (2%) which could be required by the pension plan's trustees.

Prior to this litigation, several current and former employees of the City of Clearwater filed charges of discrimination with the Equal Employment Opportunity Commission. The EEOC ruled that the pension plan violated the ADEA. Similarly, in 1986, Plaintiff Snair filed an age discrimination charge against the City with the EEOC. The EEOC issued a Letter of Violation to the City stating that, once again, their plan violated the ADEA. On June 21, 1986, Plaintiff Snair initiated this litigation. Over 100 individuals subsequently joined the action by filing notices of consent with this Court. In 1988, the City removed the age 45 restriction and offered its current employees an option to join the plan. See Court's order entered on March 29, 1993, 817 F.Supp. 108 (Dkt. # 178).

Defendants now file this Motion for Summary Judgment on the premise that no disputed issue of material fact exists as to the issues presented in their memorandum (Dkt. # 167). Defendants argue that they should be dismissed from the lawsuit for two reasons: 1.) there exists a lack of jurisdiction over the elected officials under the ADEA, 29 U.S.C. § 523 [sic] et seq., because the elected officials do not fit within the definition of "employer" as defined by this law; and 2.) the elected officials are entitled to complete legislative immunity from this lawsuit.

## DISCUSSION

### I. EXISTENCE OF A LACK OF JURISDICTION OVER ELECTED OFFICIALS UNDER THE ADEA

■ Defendants argue that the definition of "employer" under the ADEA, 29 U.S.C. § 630(b), does not apply to elected officials; thus, there is a lack of jurisdiction. The ADEA defines an employer as:

a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency ...

29 U.S.C. § 630(b).

In their argument, Defendants seek to make a distinction between the aforementioned definition and one set out under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. 42 U.S.C. § 2000e renders this definition:

(a) The term "person" includes ... governments, governmental agencies, [and] political subdivisions ...

(b) The term "employer" means a person engaged in an industry affecting commerce ..., and any agent of such a person ...

Defendants do not provide a comprehensive explanation of how these definitions fail to apply to elected officials. They rely on the rationale set out in *Wanner v. State of Kansas,* 766 F.Supp. 1005, 56 FEP Cases (BNA)

1864 (D.Kan.1991), which stands for the proposition that Congress, when enacting the ADEA, "explicitly excluded states and their political subdivisions from the definition of "person", opting rather to include them as a separate and distinct category of employer. To find no distinction between Title VII and the ADEA definition of employer simply because of the policy behind the statutes borders on judicial activism in its plainest sense." *Id,* at 1865–1866. The other cases cited by Defendants basically support *Wanner.* Additionally, they address the fact that these elected officials may be *personally* liable under the ADEA. Plaintiffs counter this argument by alleging that they are not suing Defendants personally, but only in their *official* capacity as administrators of the pension plan. (Dkt. # 181 p. 3).

At this time, this Court will only consider "employer" as it is defined under the ADEA. The ADEA, when originally enacted, specifically exempted government employers. However, in 1974, Congress amended § 630(b) to include state and local government employers. The main purpose of Congress in amending the statute was to allow the ADEA to be extended to "public employees on the same basis as private employees ... to put public and private employees on the same footing." *Kelly v. Wauconda Park District,* 801 F.2d 269, 271–272 (7th Cir. 1986). Congress, under the purview of the Fourteenth Amendment, may enact statutes such as the ADEA, "and extend its coverage to public employers, and enjoy the presumption of validity" as long as there is a balance between federal and state interests. *Katzenbach v. Morgan,* 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966). According to *EEOC v. Elrod,* 674 F.2d 601, 607 (7th Cir.1982), the purpose of the amendment was to allow state and local government employees to be able to employ the remedies presently available to private employees under the Act.

It has been the custom in this circuit to liberally construe the ADEA, *see EEOC v. Reno,* 758 F.2d 581, 585 (11th Cir.1985); therefore, the City of Clearwater and its elected officials, as a local government body (political subdivision), would be considered an "employer" within the meaning of this Act.

This Court finds that the 1974 amendment of ADEA was intended, among other things, to encompass political subdivisions as "employers." Defendants are subject to the ADEA by virtue of their status as municipal officials for the City of Clearwater. Further, this Court has jurisdiction over Defendants, the elected officials, under the ADEA.

## II. *ELECTED OFFICIALS ENTITLED TO LEGISLATIVE IMMUNITY*

The second issue that Defendants raise in support of their Motion for Summary Judgment is one of legislative immunity for the elected officials. They allege that the Mayor and Commissioners were engaging in legislative activity as administrators and trustees of the pension plan. They further allege that under the Constitution, the courts do not have authority to question legislative decisions made by the Mayor and the Commissioners. The end is achieved through the operation of the doctrine of separation of powers. "... [W]henever an act of the legislature is challenged in court, the inquiry is limited to the question of power and does not extend to the matter of expediency or motive ..." *Angle v. Chicago St. P.M. & O.R.R. Co.* 151 U.S. 1, 14 S.Ct. 240, 38 L.Ed. 55 (1894). (Dkt. # 167 p. 8).

Defendants cite a myriad of cases to bolster their position. The basic theme woven throughout these cases is: 1.) officials are entitled to legislative immunity for action taken while carrying out legitimate legislative duties. *Hernandez v. City of Lafayette,* 643 F.2d 1188, 1193 (5th Cir.1981); and 2.) judicial inquiry into the motives of municipal officials in adopting ordinances is not warranted according to the doctrine of legislative immunity. *City of Miami Beach v. Schauer,* 104 So.2d 129 (Fla. 3rd DCA 1958), and *City of Pompano Beach v. Big Daddy's, Inc.,* 375 So.2d 281, 282 (Fla.1979). Defendants assert that as administrators and trustees of the pension plan, they were at all times serving in a legislative capacity.

Plaintiffs argue that since Defendants are named solely in their official capacity, the legislative immunity arguments are "irrelevant." Under *Scheuer v. Rhodes,* 416 U.S. 232, 239–40, 94 S.Ct. 1683, 1687, 40 L.Ed.2d

90 (1974), "immunity does not protect officials when they are not threatened with personal liability."

There is a mixed school of thought as to what constitutes core legislative function. Defendants allege that their voting to amend ordinances, along with being trustees of the pension plan, is enough activity to constitute legislative function. However, this Court questions whether the 1978 amendments of the pension ordinance by Defendants were core legislative functions. According to Ordinance No. 1832 (Attachment "C" p. 8, Dkt. # 167), Defendants can only amend the ordinance subject to ratification by a majority of the citizens of the City of Clearwater voting either in a general or special election. If this is the case, then it would stand to reason that Defendants' amendment of the ordinance has no effect until it is voted on by the citizens of the City of Clearwater. Thus, taking into consideration the plain meaning of the ordinance § 2–62, the legislative function would be in the hands of the citizens, not the Mayor or the Commissioners.

"That an act is called an ordinance or resolution is not dispositive of its legislative nature. Rather, the test turns on whether the actions occurred within the sphere of legitimate legislative activity." *Espanola Way Corp. v. Meyerson*, 690 F.2d 827 (11th Cir.1982). Without legislative activity, there can be no legislative immunity.

In conclusion, for the aforementioned reasons, this Court finds that it has jurisdiction over Defendants in accordance with the ADEA, and Defendants are not entitled to legislative immunity. Accordingly it is

**ORDERED** that the Motion for Summary Judgment be **DENIED.**

**DONE and ORDERED.**